UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHYSICIANS GROUP, LLC,
a Delaware Limited Liability Company,

    Plaintiff,

v.                                          Case No. 8:14-CV-3157-T-17MAP

ARTHUR J. GALLAGHER & CO., a
Delaware corporation, and RISK
PLACEMENT SERVICES, INC., an
Illinois corporation,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court pursuant to Plaintiff's, PHYSICIANS GROUP, LLC, Motion for Joinder, Leave to File Amended Complaint, and Remand, (Doc. 5), filed December 30, 2014, and Defendants', ARTHUR J. GALLAGHER & CO. and RISK PLACEMENT SERVICES, INC., Response in Opposition, (Doc. 8), filed January 13, 2015. For the reasons that follow below, Plaintiff's motion is **DENIED**.

**BACKGROUND**

    On November 12, 2014, Plaintiff sued Defendants for negligence, breach of fiduciary duty, and fraudulent inducement, all allegedly arising from Defendants' wrongful conduct in the sale of an insurance policy. (Doc. 2). On December 19, 2014, Defendants removed the matter to this Court under 28 U.S.C. §§ 1441, 1446, and alleged diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1).

    On December 30, 2014, Plaintiff moved for leave to amend the complaint, to join Joe Donohue ("Donohue"), and remand the matter to state court based on Donohue's

Florida citizenship. (Doc. 5). Defendants respond in opposition to all three motions, alleging Plaintiff's motivation is an attempt to destroy diversity jurisdiction. (Doc. 8).

## LEGAL STANDARD

Joinder of a non-diverse party destroys subject matter jurisdiction. Ingram v. CSX Transp., Inc., 146 F.3d 858, 861–862 (11th Cir. 1998). In that circumstance, "the court may deny joinder or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In so deciding, a court must balance the competing interests between a defendant's interest in retaining the federal forum with avoiding the waste attending parallel federal and state litigation. Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). The factors to consider include "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether [the] plaintiff has been dilatory in asking for amendment, whether [the] plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Id. Providing diverse defendants the option to choose the forum "is the very purpose of the removal statutes," and, therefore, "the parties do not start out on an equal footing." Sexton v. G & K Servs., Inc., 51 F.Supp.2d 1311, 1313 (M.D. Ala. 1999) (citing Hensgens, 833 F.2d at 1181).

## DISCUSSION

Plaintiff's motion must be denied because the record activity suggests the motive for the amendment is to defeat federal jurisdiction. Plaintiff's proposed amendments do not substantively alter any previous causes of action. Further, the original complaint contains references to and attaches documents concerning Donohue's interactions with Plaintiff's agents. (Docs. 2 at ¶18, 2-1 at 41). Plaintiff concedes this, stating "[Plaintiff] attached to its Complaint multiple emails from Donohue to [Plaintiff] in which [Donohue]

represented that the subject policy covered medical billing errors & omissions," and "also detailed in [Plaintiff's] Complaint allegations as to the affirmative misrepresentations and omissions committed by Donohue in the course of the facts giving rise to this litigation." (Doc. 5 at ¶¶7, 8).  Although Plaintiff knew of the detailed affirmative misrepresentations and omissions Donohue allegedly committed, Plaintiff only chose to sue the current Defendants.  Plaintiff's justification for joining Donohue now, rather than the 37 days leading up to removal and the 11 days this matter was before the Court, is Plaintiff's concern that Defendants will allege affirmative defenses for non-party defendants to escape liability in this matter, and those defenses would preclude full recovery.  (Doc. 5). Plaintiff does not cite or provide any basis for why that analysis would have changed from the date the complaint was originally filed to the date the instant motions were filed. Plaintiff's actions were dilatory, and Plaintiff has not demonstrated it would suffer significant injury absent amendment.  These circumstances strongly evidence Plaintiff's intention to defeat federal jurisdiction, and Defendants' right to select the federal forum outweighs Plaintiff's bases for remand.

Accordingly, it is **ORDERED** that Plaintiff's Motion, (Doc. 5), is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of April, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:    All Counsel and Parties of Record